Sam PAGANO and William E. Collins,
Plaintiffs,

v.

The AETNA CASUALTY AND SURETY
COMPANY, a corporation,
Defendant.

No. 55 C 18.

United States District Court
N. D. Illinois, W. D.

Dec. 30, 1955.

Clifford A. Pedderson, Pedderson, Menzimer, Carl & Conde, Rockford, Ill., for Sam Pagano, plaintiff.

Francis E. Hickey, Miller, Thomas, Hickey & Collins, Rockford, Ill., for William E. Collins, plaintiff.

Welsh & Welsh and John T. Holmstrom, Jr., Rockford, Ill., for Aetna Casualty & Surety Co., a corporation, defendant.

PERRY, District Judge.

Plaintiff, Sam Pagano, sustained accidental injuries during the course of his employment in February, 1953, and eventually was paid the sum of $15,-299.73 by the defendant under the provisions of the Illinois Workmen's Compensation Act, S.H.A.Ill. ch. 48, § 138.1 et seq. Of this total sum, $9,426.80 was paid for temporary total benefits and specific loss of a percentage of limb and $5,872.93 for medical and surgical services.

Under the appropriate provisions of the Illinois Workmen's Compensation Act, the plaintiff Pagano subsequently sued the third party under his common law remedy and recovered a judgment for $22,500 which was appealed and affirmed in the Appellate Court of Illinois.

At the commencement of this common law action the plaintiff's attorney, who is also a plaintiff in this action, was approached by the defendant and was requested to represent it and protect the defendant's interest during the

course of these common law proceedings. Initially, the standard one-third contingent fee was agreed upon in writing and limited to the trial proceedings between the plaintiff attorney and the defendant. The usual contingent fee contract was agreed upon between the attorney and the injured plaintiff; there is no dispute as to the latter agreement. The difficulty arises out of the refusal of the defendant to pay any more than its recoverable amount to the attorney in spite of the fact that the judgment was appealed and affirmed.

The injured plaintiff and the attorney bring this action against the defendant and seek distribution of the sum of $23,945.32 which represents the amount of the judgment with accrued interest. The attorney contends that the customary contingent fee for services rendered in the personal injury case with an appeal amounts to 50% of the sum recovered. The defendant, on the other hand, insists that there was no agreement between itself and the attorney for any amount over the one-third contingent fee contract.

This Court has carefully considered the evidence and specifically finds that the attorney not only was allowed to proceed with the appeal without an early objection from the defendant which had full knowledge of the attorney's position in this matter, but also that the defendant actually financed the printing costs of the appeal. Since the attorney has rendered the service, he is entitled to recover 50% of the total judgment in accordance with the customary fee in this type of case which this Court finds to be a fact.

The plaintiff further contends that the defendant is entitled to only the sum of $9,426.80. It is the plaintiff's position that under the Illinois Workmen's Compensation Act as applicable to this action, "compensation paid" did not include medical and surgical services. It is significant to note that the Act has since been amended and specifically provides that compensation includes medical and surgical expenses.

While technical rules of statutory construction and interpretation may tend to support the plaintiff's position, the fact still remains that judicial approval of such position would grant the injured plaintiff a double recovery of his medical and surgical expenses. The defendant reimbursed the plaintiff for these expenses in the compensation proceeding. This Court must assume that proof of such expenses was made in the common law action and eventually recovered in the judgment. To allow the plaintiff at this time to withhold that amount of money from the insurer would result in a double recovery.

Accordingly, this Court holds that each party, namely, the defendant and the injured plaintiff, is liable to the plaintiff attorney for 50% of the amount recovered by each party. This Court further holds that the defendant is entitled to the gross sum of $15,299.73.